Cite as 2020 Ark. 329

# SUPREME COURT OF ARKANSAS

No. CV-20-548

|  |  |
|---|---|
| | **Opinion Delivered:** October 15, 2020 |
| STAY STRONG, STATUS QUO, A LOCAL OPTION BALLOT QUESTION COMMITTEE AND BEVANS FAMILY LIMITED PARTNERSHIP | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71CV-20-101 ] |
| APPELLANTS | HONORABLE SUSAN WEAVER, JUDGE |
| V. | AFFIRMED. |
| THE VAN BUREN COUNTY BOARD OF ELECTION COMMISSIONERS; AND VERNA HICKS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE VAN BUREN COUNTY BOARD OF ELECTION COMMISSIONERS | |
| APPELLEES | |
| LET VAN BUREN COUNTY VOTE, A LOCAL OPTION BALLOT QUESTION COMMITTEE | |
| INTERVENOR/APPELLEE | |

**JOSEPHINE LINKER HART, Associate Justice**

This is a companion case to *Stay Strong, Status Quo v. Bradford*, 2020 Ark. 331 (CV-20-527), which is handed down on this same date. In CV-20-527, Stay Strong argued that the fate of the "Let Van Buren County Vote – Wet/Dry Issue" local ballot measure could not be decided within the statutory time frames set by Ark. Code Ann. § 3-8-205. Stay Strong

raises the same issues in this case,[1] which was filed against the Van Buren County Board of Election Commissioners. As explained in greater detail in CV-20-527, we disagree with Stay Strong's arguments on appeal. Accounting for the Sunday rule, the circuit court's decision was rendered with enough time before the November 3, 2020 general election that the measure can remain on the ballot. Further, because there is no indication in the record in this case that the county board of election commissioners chose to delay the election until after our final decision, the time limit in Ark. Code Ann. § 3-8-205(d)(3) does not apply. In short, this court's holdings in CV-20-527 foreclose the arguments for reversal presented by Stay Strong in this case. Accordingly, the circuit court's decision is affirmed.

Mandate to issue immediately.

Special Justice JOHN R. SCOTT joins.

WYNNE and WOMACK, JJ., dissent.

BAKER, J., not participating.

**ROBIN F. WYNNE, Justice, dissenting.** In reaching its decision, the majority restates this court's conclusions on the statutory timing issues in the companion case, *Stay Strong, Status Quo v. Bradford*, 2020 Ark. 331 (CV-20-527). As I stated in my dissent in CV-20-527, I do not think the timing issues were properly before the court in that case. Nevertheless, I addressed the timing issues in my dissent in CV-20-527 because the majority did so.

---

[1]Stay Strong made additional arguments in the CV-20-527 case that are not raised here.

As I stated in my dissent in CV-20-527, Arkansas Code Annotated section 3-8-205 requires a local-option election to be held not earlier than sixty-five days nor later than ninety days after the decision of this court when an appeal is taken. Here, the election is set for November 3, 2020—less than three weeks from today. We did not decide this appeal in time for Van Buren County residents to vote on the local-option petition in the November 3, 2020 general election.

WOMACK, J., joins.

*Streett Law Firm, P.A.*, by: *James A. Streett*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellants.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Kenneth P. "Casey" Castleberry*, for appellee Let Van Buren County Vote, a Local Option Ballot Question Committee.